UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
ASTON BAKER,                                              :
                                                          :
                Plaintiff,        :
                                                          :  **SUMMARY ORDER**
            -against-                         :  10-cv-1425 (DLI) (LB)
                                                          :
UNITED VAN LINES, NASSAU                                  :
WORLDWIDE MOVERS, and TIM KNUTH,                          :
                                                          :
               Defendants.       :
---------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

      On March 30, 2010, Plaintiff brought this action against United Van Lines, Nassau WorldWide Movers, and Tim Knuth. Plaintiff filed the complaint *pro se*, and paid the requisite filing fee. Plaintiff alleges that the Defendants "faile[ed] to return [his] personal belonging[s] and furniture when the request was made v[e]rbally and in writing . . . ." (Compl. at 2.) Plaintiff seeks $2,000,000 in damages. (*Id.*) After filing the complaint, Plaintiff obtained counsel. For the reasons set forth below, Plaintiff is ordered to show cause by May 16, 2011 why this case should not be dismissed for lack of subject matter jurisdiction.

      "'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009) (quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*." *Durant*, 565 F.3d at 62-63; *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). The Second Circuit has "emphasize[d]

1

the need for parties and for district courts to take a hard look at jurisdictional issues early in the litigation." *Wynn v. AC Rochester*, 273 F.3d 153, 159 (2d Cir. 2001). Upon review of Plaintiff's complaint, it appears that subject matter jurisdiction may be lacking and that the court therefore may lack the power to hear this case.

Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331 or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Petway v. N.Y.C. Transit Auth.*, 2010 WL 1438774, at *2 (E.D.N.Y. Apr. 7, 2010). Federal question jurisdiction is invoked where the plaintiff's claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists where there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332(a). To have complete diversity, "each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009).

Here, on the civil cover sheet attached to the complaint, Plaintiff alleges that the court's jurisdiction is based on federal question. (*See* Docket Entry 1.) However, there appears to be no statute upon which Plaintiff is relying. Indeed, this case appears to be a dispute regarding the payment for the removal and storage of Plaintiff's items.

Although Plaintiff does not assert jurisdiction based on diversity, the court will nevertheless address whether Plaintiff has alleged sufficient facts for the court to determine whether there is diversity jurisdiction.

Plaintiff fails to allege properly information regarding his own citizenship, or the citizenship of the three defendants. The only information Plaintiff lists in the complaint regarding the addresses of the Defendants is:

>           Defendants
>           United Van Lines Nassau WorldWide Movers and Tim Knuth
>           160 Meister Avenue Building 3 Suite 32
>           Branchberg, NJ 08875.

However, Plaintiff does not specify to which Defendant this address applies. It likely would not apply to all of the Defendants because Tim Knuth is an individual and thus would not share a domicile with a company. Therefore, the court is unable to determine whether there is complete diversity here.

Moreover, if Plaintiff seeks to invoke diversity jurisdiction, as the party invoking the jurisdiction of the federal court, Plaintiff has the "burden of proving that it appears to be a 'reasonable probability' that [his] claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. AM. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). A plaintiff must use "good faith" in alleging the amount in controversy. *Id.*

Plaintiff states that, after he attempted on two occasions to pick up items from Defendants, on his third attempt, he successfully obtained some of his belongings. (Compl. at 3.) Plaintiff alleges that "Nassau Van Lines then sent a bill to my Attorney's office for approximately $2100." (Compl. at 3.) Plaintiff requests that "the approximately $2100" and "all payments given to Nassau Van Lines . . . be refunded." (Compl. at 4.) Although the complaint does not appear to allege that any other amounts are due to Plaintiff from the Defendants, Plaintiff states in a conclusory fashion that he seeks $2 million in damages. (*See* Compl. at 2.) Plaintiff's conclusory allegations are insufficient to provide this court with a basis for determining whether there appears to be a reasonable probability that the damages from Plaintiff's claim are in excess of the statutory jurisdictional amount.

Although it appears that Plaintiff has failed to allege subject matter jurisdiction properly, the court provides Plaintiff an opportunity to demonstrate his basis for jurisdiction. For the foregoing reasons, Plaintiff is ordered to show cause by May 16, 2011, why this action should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: Brooklyn, New York
      April 15, 2011

/s/
DORA L. IRIZARRY
United States District Judge