UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ASTON BAKER, *pro se*,  :
 :
                Plaintiff,  :
 : **SUMMARY ORDER**
          -against-  : 10-CV-1425 (DLI) (LB)
 :
UNITED VAN LINES, NASSAU  :
WORLDWIDE MOVERS, and TIM KNUTH,  :
 :
                Defendants.  :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se*[1] Plaintiff Aston Baker brought this action against United Van Lines ("United"), Nassau Worldwide Movers ("Nassau") and Tim Knuth ("Knuth"), alleging, in essence, that they "fail[ed] to return [his] personal belonging[s] and furniture." (Compl. at 2.) In reviewing Plaintiff's request for entry of default against Defendants, it appeared that subject matter jurisdiction might be lacking. Accordingly, the court directed Plaintiff to demonstrate a basis for jurisdiction.[2] (*See* Docket Entry 19.)

Plaintiff now alleges federal question jurisdiction based on the Carmack Amendment to the Interstate Commerce Act of 1887, 49 U.S.C. § 14706 ("the Carmack Amendment"), and, in the alternative, the Fair Credit Billing Act, 15 U.S.C. § 1666-1666j. (Pl. Mem. of Law at 2.) Plaintiff additionally alleges jurisdiction based on diversity jurisdiction. (Pl. Mem. of Law at 3.) As a *pro se* litigant, Plaintiff's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, the court will construe his pleadings

---

[1]Although Plaintiff is apparently represented by Kiva James, Esq., (*see* Docket Entries 14, 20), he filed the complaint *pro se* and prepared the May 12 Memorandum, (*see* Docket Entry 21), himself.
[2] Familiarity with the court's April 15, 2011 Order, as well as the facts and background of this matter, is assumed and, thus, will not be discussed in detail herein. Only those facts necessary to the discussion shall be set forth herein.

1

and papers "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

Federal question jurisdiction is invoked where the plaintiff's claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law within the meaning of the general federal question statute only if the federal question appears in the facts of the plaintiff's well-pleaded complaint. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908). As an initial matter, the complaint in this case contains no reference to either the Carmack Amendment or the Fair Credit Billing Act.

The Carmack Amendment, which governs interstate shipments of goods, states: "[a] carrier providing transportation or service subject to jurisdiction . . . shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier . . . [is] liable to the person entitled to recover under the receipt or bill of lading." 49 U.S.C. § 14706. *See Shapiro v. Prime Moving & Storage,* 2007 WL 2572116 (E.D.N.Y. Aug. 31, 2007) (citing *Cleveland v. Beltman N. Am. Co.,* 30 F.3d 373 (2d Cir. 1994) (married couple's claim against movers for damage to household belongings that occurred during interstate move arose under the Carmack Amendment)); *see also Ideal Steel Supply Corp. v. Jan Trucking & Rigging, Inc.*, 2006 WL 1120608, at *3 (E.D.N.Y. Apr. 26, 2006).

Plaintiff asserts that the Defendants are liable for the loss of his personal property arising from the transportation of those goods from New Jersey to New York. (Pl. Mem. at 2.) The Complaint and attached exhibits contain the following relevant facts. In December 2005, Plaintiff contacted Nassau, an agent of United, (*see* Compl.; Ex. B), and met with Knuth regarding the removal and storage of Plaintiff's personal property from his home in Wall, New Jersey. (Compl. at 1; Ex. B.) Sometime thereafter, Plaintiff removed nine boxes from the storage facility in Branchburg, New Jersey, and Nassau sent a bill to Plaintiff's attorney for "approximately

$2100 . . . [which] was in addition to the approximately $35,000 they have collected to remove our personal belongings and furniture to their storage facilities for a monthly rental of $1500." (Comp. at 1.) On November 12, 2007, Plaintiff wrote to Knuth, contesting the $2100 storage fee and requesting that the remainder of his property be prepared for his retrieval. (Comp. at 1-2; *see* Exs. A, B.) Plaintiff alleges that he "never heard from [Knuth] again until [he] received a certified letter stating that the things were removed from South Jersey to Long Island and will be auctioned off for $10,607.29." (Compl. at 2; Ex. C.) The letter from Nassau, dated September 24, 2008, advises Plaintiff of an outstanding balance of $10,607.29 and advises that, if full payment is not received within thirty days from receipt of the letter, his storage will be turned over to an auction agency. (Ex. C.) Neither the Complaint nor Plaintiff's Memorandum contain any reference to an agreement for the interstate shipment of goods. Thus, Plaintiff has failed to establish a claim arising under the Carmack Amendment. *See* 49 U.S.C. § 14706.

The Fair Credit Billing Act provides for individual consumer rights with regard to billing where credit has been extended. 15 U.S.C. §§ 1666 *et seq.* Plaintiff contends that: (i) the Defendants "repeatedly bungled the billing for storage of property during the time that [his] household items were in Defendants' possession," (ii) the Defendants "eventually improperly converted and sold [his] property, and (iii) "[Plaintiff] was a victim of fraud and misrepresentation on the part of the Defendants." (Pl. Mem. at 2.) Construing these allegations to raise the strongest arguments they suggest, these conclusory allegations are insufficient to provide this court with a basis for determining jurisdiction under the Fair Credit Billing Act.

Finally, Plaintiff asserts jurisdiction based on diversity, alleging that Plaintiff is a citizen of New York, United is a citizen of New Jersey, and, "upon information and belief," Defendants Nassau and Knuth are also citizens of New Jersey. (Pl. Mem. at 3.) However, those allegations are not borne out by Plaintiff's pleadings or service upon Defendants.

Diversity jurisdiction exists where there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest. *See* 28 U.S.C. § 1332(a). To have complete diversity, "each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009). It is well established that the party seeking to invoke diversity jurisdiction bears the burden of demonstrating the grounds for diversity exist and that diversity is complete. *See Advani Enter. v. Underwriters at Lloyds,* 140 F.3d 157, 160 (2d Cir. 1998).

"An individual's citizenship . . . is determined by his domicile . . . . Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A corporation, however, is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1); *see also Advani,* 140 F.3d at 161 (2d Cir. 1998). *See also IGY Ocean Bay Props., Ltd. v. Ocean Bay Props. I Ltd.*, 534 F. Supp. 2d 446, 448 (S.D.N.Y. 2008) (holding that for diversity purposes, a corporation is deemed to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated).

Accordingly, in order for there to be complete diversity of citizenship, a corporate defendant cannot be incorporated, nor have its principal place of business, in the same state in which the plaintiff is a citizen at the time the action is filed. *Drake v. Lab. Corp. of Am. Holdings*, 323 F. Supp. 2d 449, 451 (E.D.N.Y. 2004). Baker asserts that he is a citizen of New York. Nassau's printed letterhead indicates the address 63 Lamar Street, West Babylon, New York 11704. (Compl., Ex. C.) Plaintiff originally attempted service upon Knuth and Nassau at that same West Babylon address. (*See* Docket Entry 5.) Defendant also served Nassau at the Office of the Secretary of State of New York. (*See* Docket Entry 6.) It is clear from these facts that Nassau was a citizen of New

York at the time the action was filed, thus defeating diversity jurisdiction. Because Plaintiff has not met his burden of demonstrating diversity, we need not address the amount in controversy requirement.

For the foregoing reasons, Plaintiff has failed to establish federal subject matter jurisdiction. Accordingly, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(h)(3). *See Petway v. N.Y.C. Transit Auth.*, 2010 WL 1438774, at *2 (E.D.N.Y. Apr. 7, 2010).

.Moreover, the complaint is dismissed with prejudice. Ordinarily, a district court should not dismiss a *pro se* complaint without granting leave to amend. *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000); *Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, amendment would be futile and, therefore, the complaint should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed with prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      July 29, 2011

                                        /s/
                                 DORA L. IRIZARRY
                           United States District Judge